UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CORVELL WRAGGS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:22-CV-92 SRW |
| ) | |
| STATE OF MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Corvell Wraggs, Jr. brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights.  The matter is now before the Court upon Plaintiff's motion for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs.  ECF No. 6.  Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $30.47.  *See* 28 U.S.C. § 1915(b)(1).  Furthermore, after reviewing the amended complaint under 28 U.S.C. § 1915(e)(2)(B), the Court will dismiss the complaint for failure to state a claim upon which relief may be granted.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff is incarcerated at the St. Louis City Justice Center. ECF No. 6 at 1. He submitted an application to proceed in district court without prepaying fees or costs, accompanied by a certified prison account statement. ECF Nos. 4, 6. According to his application, he brings home $35.00 per week but he has no money in any checking or savings account. ECF No. 6 at 1-2. However, his inmate account statement shows average monthly deposits of $152.33 over a six-month period. ECF No. 4. The Court finds that Plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $30.47, which is twenty percent of Plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim

for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."  *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  *Id.* at 679.

**Background**

**I.      Procedural History of this Case**

Plaintiff initiated this suit by filing a complaint for violation of his civil rights against defendants the State of Missouri, the Twenty-Second Judicial Circuit Court, and Jennifer Clemons-Abdullah.  ECF No. 1.  Plaintiff alleged that he was wrongfully incarcerated and that his rights had been violated due to ineffective assistance of counsel and misconduct by a state prosecutor.  Plaintiff asked the Court to "enjoin and dismiss prosecution of the state for case # 2022-CR01520-01."  *Id.* at 4.

Because Plaintiff failed to pay the filing fee or file a motion to proceed without prepayment, the Court issued an Order on January 26, 2022, directing him to do one or the other.  ECF No. 3.  Following that Order, Plaintiff filed a motion for leave to proceed *in forma pauperis* and a certified inmate account statement.  ECF Nos. 4, 6.  He also filed a supplement to his complaint, including a missing page from the initial complaint filing.  ECF No. 5.  However, subsequent to that filing,

Plaintiff filed a complete amended complaint. ECF No. 7. Because an amended complaint completely replaces any prior-filed complaints and supplements, this is the only pleading that will be reviewed by the Court. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

## II.  Plaintiff's State Court Case

The state court matter which Plaintiff asks this Court to enjoin and dismiss is *State v. Wraggs*, No. 2022-CR01520-01 (22nd Jud. Cir. 2020). A review of this case on Missouri Case.net, the State of Missouri's online docketing system,[1] shows that, on November 12, 2020, Plaintiff was charged with unlawful use of a weapon, armed criminal action, and unlawful possession of a firearm. Initially, no bond was allowed and Plaintiff was confined. But, soon after, Plaintiff was released on house arrest with GPS monitoring. After Plaintiff was fitted with a GPS monitor, the state court removed the house arrest bond requirement. However, a few days later, the court was notified that Plaintiff had disabled his GPS. As such, Plaintiff's bond was revoked and he was incarcerated thereafter with no bond allowed.

Assistant Circuit Attorney Christopher Clark entered his appearance in Plaintiff's case for the State in April 2021. On February 10, 2022, Plaintiff entered guilty pleas to the charges of unlawful use of a weapon charge and the unlawful possession of a firearm. The Court's order accepting the guilty pleas stated that the armed criminal action charge would be dismissed at sentencing. Since then, Plaintiff's sentencing has been continued three times at his request. The sentencing is currently set for July 8, 2022.

---

[1] The Court takes judicial notice of these public state records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

**The Amended Complaint**

Plaintiff signed his amended complaint on February 8, 2022 – two days before pleading guilty on the two state court charges. ECF No. 7 at 11. At the time of filing, Plaintiff was being held at the St. Louis City Justice Center. *Id.* at 2. Plaintiff's amended complaint seeks relief under 42 U.S.C. § 1983 against four defendants associated with the City of St. Louis: (1) Jennifer Clemons-Abdullah (Commissioner of Corrections); (2) Kimberly Gardner (Circuit Attorney); (3) Christopher Clark (Assistant Circuit Attorney); and (4) Vernon Betts (Sheriff). *Id.* at 2-3. Plaintiff brings his claims against all defendants in both their individual and official capacities. *Id.*

Plaintiff alleges that defendants violated his "4th, 5th, 6th, 8th, and 14th" Amendment rights with actions of "misconduct, wrongful incarceration, [and] ineffective assistance of counsel." *Id.* at 3-4. Plaintiff's 'Statement of Claim' is brief. He alleges only that the events giving rise to his claim occurred in the "courtroom" and that the Court should "[r]efer to docket sheet 2022-CR01520, 2022-CR01520-01." *Id.* at 4-5.

Plaintiff's sustained injuries include loss of his vehicle, inability to "provide assistance to [his] clients," and a "high level of anxiety." *Id.* at 5. For relief, Plaintiff asks this Court to "enjoin and stop [the] state prosecution" and for "any other damages the court sees fit." *Id.*

**Discussion**

Plaintiff asks the Court to enjoin, dismiss, or otherwise stop the state court prosecution against him. Such relief is barred by *Younger v. Harris*, which states that as a general rule of "national policy," a federal court may not stay or enjoin pending state court proceedings unless special circumstances exist. 401 U.S. 37, 41-49 (1971). In this case, the Court finds that no great and immediate injury will result if Plaintiff's state court case proceeds. Therefore, *Younger* bars Plaintiff's claims from proceeding in this matter. Furthermore, even if *Younger* did not bar

Plaintiff's § 1983 claims, the Court finds that this case would be subject to dismissal because Plaintiff fails to allege that the named defendants did anything specific to violate his rights. For these reasons, this case will be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

### I.     *Younger* Abstention

To the extent Plaintiff can be understood to ask this Court to dismiss, enjoin, or otherwise intervene in his ongoing state judicial proceeding, his claims are barred under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* requires federal courts to abstain from hearing cases when there is an ongoing state judicial proceeding that implicates important state interests and affords an adequate opportunity to raise the federal questions presented. *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005). The doctrine applies to claims for both injunctive and declaratory relief. *Samuels v. Mackell*, 401 U.S. 66, 73 (1971). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to that proceeding should be raised there. *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010).

However, there are exceptions to *Younger* where special circumstances exist. *Younger*, 401 U.S. at 41. Such special circumstances can be established where the "person about to be prosecuted in a state court can show that he will, if the proceedings in the state court is not enjoined, suffer irreparable damages." *Id.* at 43 (citing *Ex parte Young*, 209 U.S. 123 (1908)). Furthermore, such irreparable injury must be both "great and immediate," and the threat of "defense against a single criminal prosecution" is not enough. *Id.* at 45-46.

In this case, the only threat against Plaintiff is defending against this single state court prosecution. Although he asserts that he is suffering damages due to his pretrial confinement at

the St. Louis Justice Center – including the loss of a vehicle, the inability to provide client support, and a heightened level of anxiety – these are nothing more than the normal results of pretrial confinement.  In addition, this is a pretrial confinement that Plaintiff could have avoided if he had complied with the conditions of bond and not disabled his GPS monitor.  Plaintiff's constitutional claims brought in his amended complaint are claims that should be raised in his state court case.  As such, the Court finds that Plaintiff will not suffer great and immediate injury if his state court case proceeds.  No special circumstances exist for this federal court to intervene in Plaintiff's ongoing state court prosecution.  Plaintiff's claims are barred and therefore subject to dismissal for failure to state a claim.

## II.     Failure to Allege Personal Liability as Required for a § 1983 Claim[2]

Even if Plaintiff's claims were not barred by *Younger* abstention, Plaintiff's amended complaint still fails to state a valid § 1983 claim.  Plaintiff does not allege, with any specificity, what the named defendants did to violate his rights.  *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them).

---

[2] Although Plaintiff's complaint is brought under 42 U.S.C. § 1983, he also wrote "(28 U.S.C. § 2241)" under the 'Basis of Jurisdiction' section of the amended complaint.  *See* ECF No. 7 at 3.  According to this Court's records, Plaintiff filed a case seeking habeas relief under 28 U.S.C. § 2241 in December 2021, based on the same state court prosecution which he seeks to enjoin here.  *See Wraggs v. Clemons-Abdullah*, No.  4:21-cv-1458-SEP (E.D. Mo. Dec. 13, 2021).  That case was dismissed on March 24, 2022, for failure to exhaust state remedies.  *Id.* at ECF Nos. 5-6.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights). Plaintiff must provide specific allegations against each named defendant in this case, in order that each defendant can know what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim") (internal quotations and citation omitted).

Because Plaintiff fails to provide any allegations as to how each named defendant was directly responsible for a deprivation of his rights, Plaintiff's amended complaint fails to state a valid § 1983 claim against any of the four defendants.

**Conclusion**

This case will be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. This Court will not interfere in an ongoing state court prosecution where Plaintiff can show no irreparable damages from allowing the state case to proceed. Plaintiff's requested relief of enjoining or dismissing his state court case is barred by *Younger* abstention. Furthermore, Plaintiff fails to allege how each of the named defendants violated his rights. As such, the amended complaint fails to state a § 1983 claim for relief against any of the four named defendants.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 6] is **GRANTED.** *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $30.47 within **thirty (30) days** of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the amended complaint as to any of the defendants because the amended complaint fails to state a claim upon which relief can be granted.  Plaintiff's claims are **DISMISSED without prejudice**.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 4th day of May 2022.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE